UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL ALEXANDER KUHL,

    Plaintiff,

v.

CITY OF WYOMING, et al.,

    Defendants.

_____/

Case No. 1:25-cv-33

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Samuel Alexander Kuhl. On May 13, 2025, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that the complaint was filed prematurely.[1] The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 43), to which Defendants filed responses (ECF Nos. 44, 45). Also pending in this case are Plaintiff's motions for leave to amend his complaint (ECF No. 28) and to stay the proceedings (ECF No. 37) as well as Defendant Kent County's motion to dismiss (ECF No. 23). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff's three objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1] Plaintiff represents that the Magistrate Judge "already screened the original complaint and deemed [Plaintiff] had stated an initial actionable claim" (ECF No. 43 at PageID.409 (citing ECF Nos. 5 & 6)), but a review of the docket entries cited by Plaintiff reveals this representation to be incorrect. The May 13, 2025 R&R contains the Magistrate Judge's screening recommendation.

Plaintiff's first objection is to a sentence in the introductory portion of the Report and Recommendation, where the Magistrate Judge stated that Plaintiff's "claims in this case are intertwined with his pending federal criminal case." Plaintiff disagrees with this characterization of his claims (ECF No. 43 at PageID.407–408). He argues that his civil case challenges an October 13, 2022 arrest for Restricting and Obstructing and Possession with Intent to Deliver marijuana—crimes with which, he alleges, he was never charged—that was not "related to any investigation" for the federal crimes with which he was subsequently charged and of which he has since been convicted by a jury (*id.* at PageID.407–408); *see United States of America v. Samuel Alexander Kuhl*, No. 1:23-cr-44 (W.D. Mich.) (ECF No. 286) (jury verdict).

Similarly, Plaintiff's second objection is to the Magistrate Judge's conclusion that Plaintiff's malicious prosecution cause of action cannot be brought until Plaintiff can assert and prove that his federal criminal case ended in his favor. Plaintiff argues, again, that Defendants investigated and incarcerated him for crimes "completely unrelated to the criminal charges in the federal prosecution," and that "the investigation and incarceration" for those crimes (Restricting and Obstructing and Possession with Intent to Deliver) has already ended in his favor because charges were "denied" and Plaintiff was "released" (ECF No. 43 at PageID.409).

These objections lack merit. As Plaintiff's own Complaint makes clear, any harm he suffered from Defendants' alleged unlawful conduct is inextricable from the facts and outcome of the federal criminal prosecution. The Complaint's factual background begins by setting forth the alleged facts of Plaintiff's arrest during an October 13, 2022 traffic stop and concludes with Plaintiff's allegation that he was ultimately not charged with Restricting and Obstructing or Possession with Intent to Deliver (ECF No. 1 at PageID.3–7). Plaintiff next describes several claims under federal and state law against Defendants based upon the alleged facts of his arrest

(ECF No. 1 at PageID.8–28).  Plaintiff then argues that he "was subject to further unlawful investigation as a result of [the] unconstitutional, malicious, and retaliatory conduct" of one of the officers who arrested him (ECF No. 1 at PageID.28).  He then alleges that one Defendant "approved of [a] false[,] misleading report … influencing the wrongful investigation into [Plaintiff] … which constituted of searching his two phones" (ECF No. 1 at PageID.30).  This allegation is followed by several claims under federal and state law pertaining to the search of Plaintiff's cell phones (ECF No. 1 at PageID.31–43).  Looking to the docket for Kuhl's criminal case, the Magistrate Judge observed that these "cell phones contained evidence that supports" the federal charges of which Kuhl has since been convicted (ECF No. 42 at PageID.403 (looking to *United States of America v. Samuel Alexander Kuhl*, No. 1:23-cr-44 (W.D. Mich.) (ECF No. 164, PageID.1109–11 (motion to dismiss indictment))).  Plaintiff does not attempt to argue, in his objections, that this observation is factually incorrect.  Plaintiff has not yet been sentenced in the criminal case.

In short, there is no logical way to disentangle the alleged harm which gives rise to this action, as presented by Plaintiff in the Complaint, from the ongoing federal criminal case against Plaintiff.  Therefore, Plaintiff has not shown any error in the Magistrate Judge's ultimate conclusion and his first two objections are properly denied.[2]

---

[2] At the end of Plaintiff's second objection he argues that, instead of dismissing this case, the Court should permit Plaintiff to amend his complaint to remove his "requested relief for return of property" (ECF No. 43 at PageID.408).  This amendment would not cure the fundamental flaw in Plaintiff's case, as described *supra*.  Moreover, Plaintiff has already moved for leave to amend his complaint (ECF No. 28)—albeit prior to the issuance of the R&R—and the proposed pleading suffers from the same defects as the initial Complaint, at a minimum.  *See e.g.,* ECF No. 28-1 at PageID.315 (reiterating that Plaintiff "was subject to a further unlawful investigation as a result of [the] unconstitutional, malicious, and retaliatory conduct" of one of the officers who arrested him).  Finally, the Court notes, as did the Magistrate Judge, that both the "original and proposed amended complaints violate Federal Rule of Civil Procedure 8(a) because the complaints are not 'short and

Third, Plaintiff argues that he "cannot ascertain if his complaint is dismissed in a manner constituting a 'strike' under the [Prison Litigation Reform Act]," but he submits that, if it is, he "strenuously objects" (ECF No. 43 at PageID.410). Plaintiff fails to acknowledge, however, that the Magistrate Judge plainly cited—and therefore impliedly applied—the Supreme Court's pleading standard, as stated in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), in reaching his recommendation that the Complaint be dismissed (ECF No. 42 at PageID.404). To the extent that Plaintiff objects to the conclusion that his Complaint fails to state a claim, he merely restates the argument that his claims are "not directly related to [his] federal prosecution," which the Court has already rejected, *supra*. This objection, too, is properly denied.

A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 43) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 42) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** the Motion to Dismiss (ECF No. 23); Motion for Leave to File an Amended Complaint (ECF No. 28); and Motion to Stay Proceedings (ECF No. 37) are DISMISSED AS MOOT.

Dated: July 16, 2025                    /s/ Jane M. Beckering
                                        JANE M. BECKERING
                                        United States District Judge

---

plain statements of the claim' and read like briefs containing argument" (ECF No. 42 at PageID.406).